# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| RONNIE BERKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:07-00591 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, by counsel, Carol A. Casto, Assistant United States Attorney for the Southern District of West Virginia, has moved the Court to remand the above-styled case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). (Document No. 16.) Both parties have consented in writing to disposition by the United States Magistrate Judge. (Document Nos. 4 and 5.) Defendant states that he requests a voluntary remand because he "has been unable to produce a complete administrative record at this time because the Agency cannot locate the recording(s) of the hearing held on March 15, 2006, cassette tape of the hearing in this case." (Document No. 16 at 1.) Defendant further states:

> The Commissioner, however, is making all reasonable efforts to locate the cassette tape and complete the administrative record. If the recording cannot be located in a reasonable [amount] of time, the Commissioner will remand the claim to an [ALJ] for a *de novo* hearing.

(Id.) (footnote omitted).

Sentence six of 42 U.S.C. § 405(g) provides that remand is appropriate upon the Motion of the Commissioner "for good cause shown before the Commissioner files the Commissioner's answer . . .." It is clear that Defendant makes a proper request for remand procedurally because he has not

filed an Answer or other pleading responsive to Plaintiff's Complaint.[1] Defendant's inability to compile a complete administrative record for this Court's review establishes good cause to remand this case so that he can do so or reconstruct the record. See H.R.Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Accordingly, there being good cause for the Defendant's Motion to Remand, it is hereby **ORDERED** that the Defendant's Motion to Remand (Document No. 16.) is **GRANTED** and this case is **REMANDED** to the Commissioner of Social Security for further administrative proceedings as specified by the Commissioner in his Motion for Remand. Because the Court remands this case pursuant to sentence six of 42 U.S.C. § 405(g), the Court "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The Court retains jurisdiction over the case. In view of these circumstances, the undersigned hereby directs the Clerk of the Court to close the case statistically noting that this case is to be reopened statistically when Defendant files an Answer or other pleading responsive to Plaintiff's Complaint along with a transcript of the administrative proceedings.

The Clerk is directed to provide certified copies of this Order to counsel of record.

ENTER: May 19, 2009.

R. Clarke VanDervort
United States Magistrate Judge

---

[1] Remand may be ordered under sentence six in only two situations: where, as here, the Commissioner "requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schafer*, 509 U.S. 292, 297, n. 2, 113 S.Ct. 2625, 2629, n. 2, 125 L.Ed.2d 239 (1993)(Citations omitted.)